IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **LINDA LAUBE,** *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. CV-02-T-957-N |
| | ) | (WO) |
| **RICHARD F. ALLEN,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## FINAL JUDGMENT

THIS MATTER is before the Court on the Joint Motion for Entry of Final Judgment (doc. no. 435) filed by Plaintiffs Linda Laube and all women who are now or will in the future be incarcerated in an Alabama Department of Corrections facility (collectively, the "Plaintiffs") and Defendants' RICHARD ALLEN, Commissioner of the Alabama Department of Corrections, BOB RILEY, Governor, RONALD CAVANAUGH, Director of Treatment for the Alabama Department of Corrections, FRANK ALBRIGHT, Warden at Tutwiler Prison for Women, WARDEN EDWARD ELLINGTON, Warden of Birmingham Work Release (collectively, the "Defendants," or with Plaintiffs, the "Parties"). Pursuant to the telephonic status conference held before the Court on December 17, 2009, and the Joint Motion filed by the Parties, the Court finds as follows:

1. Good, adequate and sufficient cause has been shown to justify entry of this FINAL JUDGMENT.

2. On August 19, 2002, Plaintiffs filed a Complaint (Doc. 1) seeking declaratory and injunctive relief for alleged violations of their Eighth and Fourteenth Amendment rights and alleging that women with serious medical needs receive constitutionally inadequate medical care.

3. On December 2, 2002, the Court entered an Order and Preliminary Injunction (Doc. 77) declaring that the unconstitutionally unsafe conditions, resulting from overcrowded and understaffed open dorms at Julia Tutwiler Prison for Women violate the Eighth Amendment to the United States Constitution and preliminarily enjoining and restraining Defendants from failing to take immediate, affirmative steps to redress the unconstitutionally unsafe conditions. The Clerk of Court also entered a Writ of Injunction (Doc. 80) on December 2, 2002.

4. On August 23, 2004, the Court entered a Judgment and Permanent Injunction (Doc. 341) adopting the conditions settlement agreement and the medical settlement agreement entered into by the Parties, thereby settling Plaintiffs' claims for declaratory and injunctive relief (the "Consent Decree"). The Clerk of Court also entered a Writ of Injunction (Doc. 342) on August 23, 2004.

5. On May 10, 2006, Plaintiffs filed a Motion to Order Defendants to Show Cause Why They Should Not Be Held in Contempt (Doc. 371) and supporting Memorandum (Doc. 372) due to a dispute as to whether Defendants were in compliance with the terms and conditions of the Consent Decree. Thereafter, the Parties entered into a Settlement Agreement in Resolution of Plaintiffs' Motion to Order Defendants to Show Cause Why They Should Not Be Held in Contempt, which was attached to the parties' Joint Motion to Modify Medical Settlement Agreement (Doc. 390). The Court entered an Order (Doc. 393) granting the Joint Motion to Modify Settlement Agreement and subsequently entered an Order (Doc. 395) finding Plaintiffs' Show Cause Motion as moot.

6. On December 17, 2009, the Court held a telephonic status conference, at which time the Parties notified the Court of the Defendants' performance and satisfaction of all of the terms

and conditions imposed upon them during the course of this action, thereby warranting entry of Final Judgment and dissolution of the Preliminary Injunction.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Parties' Joint Motion for Entry of Final Judgment (doc. no. 435) is granted. The Judgment and Permanent Injunction (Doc. 341), and Writ of Injunction (Doc. 342) and Order granting Joint Motion to Modify the Medical Settlement Agreement (Doc. 393) are dissolved, and any and all claims asserted in this action as well as any claims arising from or any obligations set forth in any agreement between the Parties are dismissed *with prejudice*.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the 25th day of January, 2010.

                                              /s/   Myron H. Thompson
                                       UNITED STATES DISTRICT JUDGE